ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 SEP 22 AM 10: 17

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| HORACE CARL ROBERTS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 105-130 |
| ) | |
| HILTON HALL, Warden, and ) | |
| THURBERT E. BAKER, Attorney General, ) | |
| ) | |
| Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Horace Carl Roberts filed the above-captioned case pursuant to 28 U.S.C. § 2254. The petition is now before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1] For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed *in forma pauperis* (doc. no. 2) be deemed **MOOT**, that this case be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

---

[1] Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## I. BACKGROUND

Petitioner seeks to challenge his February 22, 2005 conviction for rape and kidnapping that was obtained following a jury trial in the Superior Court of Burke County. (Doc. no. 1, Petition, p. 3). Petitioner states that he is "being denied" a direct appeal because he does not have the assistance of appointed appellate counsel and has not been provided the trial transcript that he needs to pursue his post-conviction remedies.[2] (Id. at 6, Attach., p. 1). Petitioner has not filed a state habeas corpus petition. (Id. at 4). Petitioner states that he has not presented any of his grounds for relief in the state courts because his right to access the state courts is being "frustrated and impeded." (Id. at 7). Petitioner requests that this Court direct the state authorities to appoint him appellate counsel or allow him to proceed *pro se*, direct that a hearing on his motion for new trial be scheduled, and that he be "immediately" provided with a copy of his trial transcript. (Id., Attach., p. 2).

## II. DISCUSSION

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. The AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available procedure, in state court. 28 U.S.C. § 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the

---

[2]Petitioner reports that Clayton Jolly, Esquire, served as his court-appointed trial counsel. (Doc. no. 1, p. 7).

2

law of the State to raise, by <u>any</u> available procedure, the question presented." Id. § 2254(c) (emphasis added). In reference to this requirement, the Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. <u>Castille v. Peoples</u>, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999).

Moreover, claims brought in a federal habeas petition which were not raised in the petitioner's state habeas petition or on direct appeal are procedurally barred because the exhaustion requirement has not been met as to those claims. For example, a prisoner may not defeat the exhaustion requirement, by simply "letting the time run" until state remedies are no longer available. <u>Edwards v. Carpenter</u>, 529 U.S. 446, 453 (2000) (quoting O'Sullivan, 526 U.S. at 848); <u>see also</u> <u>Teague v. Lane</u>, 489 U.S. 288, 297-98 (1989) (failing to raise claim at trial or on direct appeal, thus forfeiting review of the claim in the Illinois courts either on appeal or collateral review, bars claim from federal habeas review).

In addition, giving the state courts an opportunity to act on a petitioner's claims includes allowing the state courts to complete the appellate review process. As the Supreme Court explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

3

O'Sullivan, 526 U.S. at 845. This "one full opportunity" includes pursuing discretionary review with the highest available appellate court. Id.

The AEDPA, however, contains two significant changes bearing on the exhaustion requirement. First, the AEDPA eliminates a district court's ability to infer a state's waiver of exhaustion from the state's failure to expressly invoke the exhaustion requirement. See 28 U.S.C. § 2254(b)(3). Under the revised statute, a waiver can be found only if the state, through counsel, expressly waives the requirement. See id. Here, there has been no express waiver. Second, the AEDPA confers discretion upon the district courts to deny a habeas petition on the merits notwithstanding the petitioner's failure to exhaust the remedies available in state court. See 28 U.S.C. § 2254(b)(2). When read in conjunction with the exhaustion requirement contained in § 2254(b)(1) and the waiver requirement contained in § 2254(b)(3), § 2254(b)(2) creates a confusing statutory framework within which the district courts must consider habeas petitions. See Hoxsie v. Kerby, 108 F.3d 1239, 1243 (10th Cir. 1997) (recognizing § 2254(b)(2), standing alone, does not contain the standard for determining when a federal court should dismiss a petition on the merits instead of insisting on exhaustion); Gaylor v. Harrelson, 962 F. Supp. 1498, 1499-1500 (N.D. Ga. 1997) (same).

In deciding whether to require exhaustion or to address the merits, the Supreme Court's decision in Granberry v. Greer, 481 U.S. 129 (1987), provides some insight. In Granberry, the Supreme Court stated:

> If, for example, the case presents an issue on which an unresolved question of fact or of state law might have an important bearing, both comity and judicial efficiency may make it appropriate for the court to insist on complete exhaustion to make sure that it may ultimately review the issue on a fully informed basis. On the other hand, if it is perfectly clear that the

4

> applicant does not raise a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served . . . if . . . the district court denies the habeas petition.[3]

Id. at 134-35; see also Atkins v. Singletary, 965 F.2d 952, 957 (11th Cir. 1992) (applying Granberry). Based on Granberry, the question of whether to require exhaustion in lieu of addressing the merits turns on whether it is "perfectly clear" that the petitioner has failed to state "even a colorable federal claim." Granberry, 481 U.S. at 134-35. In other words, if there is arguably a colorable claim, the Court should normally invoke the exhaustion requirement and dismiss the petition without prejudice.

Moreover, as a matter of comity, the state courts must generally be afforded a fair opportunity to hear claims raised in a habeas corpus petition challenging custody resulting from a state court judgment. Picard v. Connor, 404 U.S. 270, 275 (1971). However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and have, for one reason or another, refused or been unable to act upon the claim." St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir. 1972) (*per curiam*). In this regard, "[a] federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for

---

[3] The Court recognizes that § 2254(b)(3) overrules Granberry to the extent that the state no longer may be deemed to waive the exhaustion requirement. The quoted passage, however, remains good law, and indeed, the policies underlying the passage are directly incorporated into § 2254(b)(2).

5

relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991); see also Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972) (*per curiam*) (holding that an inordinate delay can, under certain circumstances, excuse exhaustion).

Although a federal habeas court in rare circumstances may deviate from the exhaustion requirement, such as in cases where the delay is unreasonable or otherwise unjustified, it would be inappropriate to discard the exhaustion requirement in Petitioner's case. That is, Petitioner reports that his trial occurred in February of this year. Approximately seven months have passed; this Court is aware of cases in the Augusta Judicial Circuit where it has taken over two years to prepare a trial transcript. See Walker v. Thompson, 1:2004-cv-00060 (S.D. Ga. Apr. 12, 2004).[4] Although the Court certainly does not condone lengthy delays in the preparation of trial transcripts, the fact remains that the state courts must be given an opportunity to address Petitioner's claims.

Moreover, Petitioner has a state avenue for relief available to him - namely a state habeas petition - that he has not pursued. Stated otherwise, while Petitioner has shown that he has been unable to move forward with his direct appellate proceedings or motion for new trial based on the current unavailability of his trial transcript, because he has not utilized available state habeas corpus procedures to pursue the relief he now seeks in these federal

---

[4]In the Walker case, the federal petition was dismissed without prejudice based on the petitioner's failure to exhaust his claims in the state courts before filing a federal habeas corpus petition. 1:2004-cv-00060, doc. nos. 27 & 28. On appeal, the Eleventh Circuit Court of Appeals agreed that in the interest of comity, the state courts must be given the first opportunity to address a state prisoner's claims. Walker v. Thompson, No. 04-14989, slip op. at 1 (11th Cir. Dec. 22, 2004), *recons. denied*, No. 04-14989, slip op. at 1 (11th Cir. Feb. 22, 2005).

proceedings, he has not demonstrated that the Court should discard the exhaustion requirement in this case.

In sum, federal courts prefer that state courts have a first opportunity to address a petitioner's claims. The Georgia courts have a mechanism whereby prisoners who have incurred an inordinate delay in the preparation of trial transcripts may, if necessary, be granted permission to pursue an out-of-time appeal. See Walker v. State, 247 Ga. 484, 485-86, 277 S.E.2d 242, 243 (1981) (allowing out-of-time appeal where preparation of trial transcript took over two years). Moreover, Petitioner has an avenue for relief in the state courts, namely a state habeas petition, available to him. Although the Court recognizes Petitioner's frustration that the wheels of justice may not always turn quickly, it must recommend that this case be dismissed without prejudice so that the state courts be given the opportunity to address his claims.

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases and for the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed *in forma pauperis* (doc. no. 2) be deemed **MOOT**, that this case be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 22nd day of September, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE